# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHNNY LEE READER, | § § § | |
| v. | § § | Civil Action No. 4:16-CV-37 (Judge Mazzant/Judge Nowak) |
| UNITED STATES OF AMERICA | § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 8, 2016, the report of the Magistrate Judge (Dkt. #12) was entered containing proposed findings of fact and recommendations that Johnny Lee Reader's ("Petitioner") *pro se* Motion Pursuant to Federal Rules of Criminal Procedure, Rule 41(g) Requesting Return of Property ("Motion for Return of Property") (Dkt. #1) be granted in part and denied in part. Having received the report and recommendation of the Magistrate Judge (Dkt. #12), having considered each of Petitioner's objections (Dkt. #15) and the Government's Response to Petitioner's timely filed objections (Dkt. #16), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #12) as the findings and conclusions of the Court.

## BACKGROUND

Petitioner was indicted and arrested for a violation of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Cocaine in mid-2010 (Dkt. #3 at 1; Dkt. #1, Exhibit 2 at 1).

During Petitioner's arrest on August 3, 2010, the Government seized $26,000 in United States currency[1] from Petitioner's home and another $1,700 from Petitioner's person; in total, the Government seized $27,700 at the time of Petitioner's arrest (Dkt. #3 at 1). The Mesquite, Texas, Police Department also seized a rifle from Petitioner's home during the arrest (Dkt. #3 at 4). Subsequent to Petitioner's arrest, the Government further seized $2,691.56 from Bank of America account number 488078658231 ("Account x8231"), $830.30 from Bank of America account number 488008309419 ("Account x9419"), and $1,165.97 from a bank account ending in x3678 ("Account x3678") (Dkt. #3 at 2-3).

Following Petitioner's arrest, from August 6, 2010 to October 27, 2010, Petitioner was on pre-trial release (Dkt. #3 at 2). During Petitioner's pre-trial release, the United States Drug Enforcement Administration ("DEA")—an agency of the United States Department of Justice—initiated civil administrative (nonjudicial) forfeiture proceedings against Petitioner and notified Petitioner of its intent to seize and forfeit the aforementioned funds (Dkt. #3 at 2-4). The Magistrate Judge summarizes the DEA's timeline regarding these notices specifically as follows:

> On September 20, 2010, the Drug Enforcement Administration ("DEA") sent written notice of the seizure and intent to administratively forfeit $27,700 in United States currency to Petitioner (at two known addresses), Petitioner's attorney, and Ms. Lopez (at two known addresses). . . . Return receipts were received from the addresses related to Petitioner, Ms. Lopez, and Petitioner's attorney. . . . Notice was also published in the Wall Street Journal. . . . The Government contends that no claims were filed regarding the $27,700 in United States currency, resulting in an administrative forfeiture to the DEA.
>
> On September 27, 2010, the DEA sent a separate written notice of the seizure and intent to forfeit funds in bank account x9419 ($830.30) to Petitioner (at two known addresses), and his attorney. . . . Return receipts were received from addresses related to both Petitioner and his attorney. . . . Notice was also published in the Wall Street Journal. . . . The Government contends no claims were filed regarding the $830.30 seized from account x9419, and, thus, the funds were administratively forfeited.

---

[1] All references to dollar amounts hereinafter refer to dollars in United States currency.

2

> On October 1, 2010, the DEA sent a written notice of the seizure and intent to forfeit funds in bank account x8231 ($2,691.56) to Petitioner (at two known addresses), his attorney, and Ms. Lopez (at two known addresses). . . . Return receipts were received from addresses related to Petitioner, Ms. Lopez, and Petitioner's attorney. . . . Notice was also published in the Wall Street Journal. . . . The Government contends that no claims were filed regarding the $2,691.56 seized from account x8231, resulting again in an administrative forfeiture.
>
> Also on October 1, 2010, DEA sent written notice of the seizure and intent to forfeit funds in bank account x3678 ($1,165.97) to Petitioner (at two addresses), his attorney, and Ms. Lopez (at two known addresses). . . . Return receipts were received from addresses related to Petitioner, his attorney, and Ms. Lopez. . . . Notice was also published in the Wall Street Journal. . . . The Government contends no claims were filed regarding the $1,165.97 seized from account x3678, and the funds were administratively forfeited by the DEA.

(Dkt. #12 at 3-4). Petitioner's pre-trial release terminated when Petitioner was arrested on October 28, 2010 for violation of his pre-trial release terms (Dkt. #3 at 4). Petitioner thereafter entered a guilty plea in his underlying criminal proceedings and, as part of his plea agreement, agreed to forfeit "[a]ny and all funds located within [Account x3678] in the name of Wendy Lopez" (Dkt. #1, Exhibit 2 at 1, 4).

On November 14, 2014, Petitioner filed his Motion for Return of Property in the underlying criminal proceedings (Dkt. #206 in Cause No. 4:10-CR-139-2). The Government filed its Response to Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) (Dkt. #210 in Cause No. 4:10-CR-139-2) on January 7, 2015, and Petitioner filed his Reply to the Government's Response on January 27, 2015 (Dkt. #211 in Cause No. 4:10-CR-139-2). On January 11, 2016, the Court construed Petitioner's Motion for Return of Property as a civil action, directing the Clerk of Court to open the present matter (Dkt. #220 in Cause No. 4:10-CR-139-2). The Court thereafter ordered that Petitioner's Motion for Return of Property be treated as a civil suit invoking the Court's 28 U.S.C. § 1331 equity jurisdiction (Dkt. #2).

Petitioner seeks through his Motion for Return of Property return of (1) $27,000 in United States currency seized from Bank of America account numbers 488018658231 and 48800839419, (2) $1,800 in United States currency seized from Petitioner at the time of his arrest, and (3) a 308 rifle seized from Petitioner's residence (Dkt. #1 at 2). As the Magistrate Judge observed, Petitioner misidentifies in his Motion for Return of Property the pre-arrest location (and amount) of the United States currency seized:

> The forfeiture receipts reflect the Government seized $27,700.00 from Petitioner's home and person upon Petitioner's arrest on August 3, 2010 . . . . $26,000 of that amount was seized from the home, and $1,700—not $1,800—was seized from Petitioner's person. . . . Subsequently, the Government seized additional funds from bank accounts 488018658231 ($2,691.56) and 488008309419 ($830.30), as well as $1,165.97 from a bank account ending in x3678.

(Dkt. #12 at 2 n.1). In any case, Petitioner argues that all of the identified property should be returned to him under Federal Rule of Criminal Procedure 41(g) because, as he claims, he never was informed during his criminal proceedings of the forfeiture of his property and never agreed—pursuant to his plea agreement—to such forfeiture (Dkt. #1 at 1). In particular, Petitioner asserts that his plea agreement described neither the $27,000 he claims the Government seized from Accounts x8231 and x9419 nor the rifle seized from Petitioner's residence (Dkt. #1 at 2, Exhibit 2 at 4). Petitioner further argues that he would have been unable to agree to forfeiture of the funds located in Account x3678, for that account was "in the name of Wendy Lopez" and not of Petitioner (Dkt. #1, Exhibit 2 at 4).

The Magistrate Judge entered a report and recommendation on September 8, 2016, recommending Petitioner's Motion for Return of Property be granted in part and denied in part (Dkt. #12). Specifically, the Magistrate Judge recommended that the Court find as follows:

> Petitioner is not entitled to the return of and has forfeited any right, title, and interest in the following: (1) $27,700 in United States currency seized at the time

of Petitioner's arrest, (2) $2,691.56 in United States currency seized from account x8231, (3) $830.30 in United States currency seized from account x9419, or (4) $1,165.97 in United States currency seized from account x3678. Petitioner is entitled to the return of the 308 rifle, but only to an appropriate designee of his choosing and only upon filing a petition with the Court for such relief.

(Dkt. #12 at 11). Subsequently, on September 26, 2016, Petitioner filed his objections to the Magistrate Judge's report and recommendation (Dkt. #15), and on September 27, 2016, the Government filed its Response to Petitioner's objections (Dkt. #16).

## ANALYSIS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Petitioner's objections assert that the Magistrate Judge erred in denying his request for "return of the $27,000 as well as the other funds taken from hi[m] when he was arrested" (Dkt. #15 at 6). Petitioner essentially reurges in his objections the arguments he made in his Reply to the Government's Response, namely that the Government should have been unable to pursue both criminal and civil forfeiture proceedings against either him and/or any of the funds seized from his home, his person, or Accounts x8231, x9419, or x3678 (*compare* Dkt. #11, *with* Dkt. #15). Petitioner raises no objection to the Magistrate Judge's recommendation regarding Petitioner's rifle (Dkt. #15). Accordingly, the Court holds this finding is correct and adopts that portion of the Magistrate Judge's report and recommendation as the finding of the Court, before turning to address Petitioner's objections.

Construing *pro se* Petitioner's objections liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the Court finds that Petitioner objects specifically to the Magistrate Judge's finding that the Government (through the DEA) could seek forfeiture of the funds seized from

5

Petitioner's home, person, and Accounts x8231, x9419, and x3678 under the civil administrative forfeiture provisions in 21 U.S.C. § 881 and 19 U.S.C. § 1607 rather than under the criminal forfeiture provisions of 21 U.S.C. § 853, given that Petitioner's underlying criminal proceedings were ongoing (*see* Dkt. #15; *see also* Dkt. #16 at 2-3 (The Petitioner's objections "appear[] to be borne out of . . . Petitioner's belief that the Government could not pursue forfeiture of the property contained in his motion through a nonjudicial forfeiture while the Petitioner was indicted.")). The Government argues in response that, "[h]ad [it] chosen to specifically list the seized property in its forfeiture allegation contained in the indictment," it would have had the options "of continuing with a parallel nonjudicial administrative forfeiture proceeding or pursuing a judicial forfeiture in the criminal process" (Dkt. #16 at 3). In any case, the Government continues, "[it] simply initiated a nonjudicial forfeiture proceeding within the required notice deadlines without listing the specific items in the forfeiture allegation in the indictment" and then "sent the required notice of the nonjudicial forfeiture proceedings to the proper parties, including Petitioner" (Dkt. #16 at 3). Because "no claim was ever filed[,]" the Government concludes, "the funds in question had already been properly forfeited through the nonjudicial process" when Petitioner later entered his plea agreement (Dkt. #16 at 3). The Court considers each of Petitioner's objections and the Government's responses herein.

*Objection:  Magistrate Judge's Finding that the DEA's Forfeiture Was Permissible*

The government may seize and seek forfeiture of property used or acquired as a result of violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, under 21 U.S.C. § 881. *See, e.g.*, *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005); *JPMorgan Chase Bank, N.A. v. United States*, No. 4:09-cv-150, 2010 WL 890230, at *3 (E.D. Tex. Mar. 9, 2010); *cf. Rankin v. United States*, 556 F. App'x 305, 309 (5th Cir. 2014) (per curiam) (recognizing that, although property may be subject to criminal forfeiture under 21 U.S.C. § 853, the government

may choose to seek forfeiture under 21 U.S.C. § 881 in certain circumstances). Where the property seized pursuant to section 881 has a value of less than $500,000, the government may initiate civil administrative forfeiture proceedings to forfeit the property. *Robinson*, 434 F.3d at 362. Additionally, where "the [g]overnment does not file a civil judicial forfeiture action, but does obtain a criminal indictment containing an allegation that the property is subject to forfeiture, [it] shall *either*" (1) rest on its notice "and continue the nonjudicial civil forfeiture proceeding" or (2) "terminate the nonjudicial civil forfeiture proceeding, and take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(1)(A)(iii) (emphasis added).

To initiate nonjudicial civil forfeiture proceedings, the government must (1) publish notice of the seizure "for at least three successive weeks in such manner as the Secretary of the Treasury may direct" and (2) send "[w]ritten notice of seizure together with information on the applicable procedures . . . to each party who appears to have an interest in the seized article[s]." 19 U.S.C. § 1607(a); 18 U.S.C. § 983(a). The government must send the notice "in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of seizure." 18 U.S.C. § 983(a). Once the government sends this notice, any party who wishes to claim an interest in the seized property may file the claim with the relevant government entity on or before the deadline indicated in the notice. 18 U.S.C. § 983(a)(2)(b). If the government receives a timely claim to the seized property, it must cease the administrative proceedings and initiate judicial forfeiture proceedings. *Id.* § 983(a)(3)(A); *see also Robinson*, 434 F.3d at 362. If the government receives no claims, however, it may summarily declare the property forfeited. 19 U.S.C. § 1609. This declaration has "the same force and effect as a final decree and order of

forfeiture in a judicial forfeiture proceeding in a district court of the United States." *Id.* § 1609(b).

Only the question of "whether the forfeiture comported with constitutional due process guarantees" remains open after the government completes an administrative forfeiture. *See Taylor v. United States*, 483 F.3d 385, 388 (5th Cir. 2007). The forfeiture will be "void and must be vacated" where a party "with an interest in forfeited funds [did not] receive constitutionally adequate notice[.]" *Robinson*, 434 F.3d at 362. Constitutionally adequate notice is that which is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Taylor*, 483 F.3d at 388 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Even if not received, notice is constitutionally adequate if it meets the requirements of *Mullane*. *Dusenberry v. United States*, 534 U.S. 161, 170 (2002).

In the present case, the funds seized from Petitioner's home, Petitioner's person, and Accounts x8231, x9419, and x3678 have an aggregate value of $32,387.83 (Dkt. #3 at 2-3). This amount falls below the $500,000 limit for civil, administrative forfeiture. *See Robinson*, 434 F.3d at 362. Further, the Government alleged that it seized these funds "because [the funds were] used or acquired as a result of a violation of the Controlled Substances Act" (Dkt. #3, Exhibits 1-4). The Government seized $26,000 from Petitioner's home and $1,700 from Petitioner's person on August 3, 2010 (Dkt. #3 at 1). The Government sent written notice to Petitioner and other parties of its intent to seek forfeiture of those funds—a total amount of $27,700—on September 20, 2010, or forty-eight (48) days later (Dkt. #3, Exhibit 1). On August 5, 2010, the Government seized $2,691.56 from Account x8231, $830.30 from Account x9419, and $1,165.97 from Account x3678 (Dkt. #3 at 2-3). On September 27, 2010, or fifty-

three (53) days later, the Government sent written notice to Petitioner and other parties of its intent to seek forfeiture of the $830.30 from Account x9419 (Dkt. #3, Exhibit 3). On October 1, 2010, or fifty-seven (57) days later, the Government sent written notice to Petitioner and other parties of its intent to seek forfeiture of the $1,165.97 from Account x9419 as well as the $2,691.56 from Account x8231 (Dkt. #3, Exhibits 2, 4). The Government also published notice of the seizure of all of these funds and intent to seek their forfeiture in the Wall Street Journal (Dkt. #3 at 2-3). The Government received return receipts bearing Petitioner's name and signature for each of the written notices (Dkt. #3, Exhibits 1-4). These facts demonstrate that the Government complied with the statutory and constitutional notice requirements in seeking civil administrative forfeiture of these funds. *See* 19 U.S.C. § 1607(a); 18 U.S.C. § 983(a).[2]

Moreover, the Government had the option of seeking forfeiture of these funds through civil administrative forfeiture and had no obligation to also or alternatively seek forfeiture in Petitioner's underlying criminal proceedings. 21 U.S.C. § 881; s*ee, e.g.*, *Robinson*, 434 F.3d at 362; *JPMorgan Chase Bank*, 2010 WL 890230, at *3. As the Government indicates in its Response to Petitioner's objections, the Government retained the option to seek civil administrative foreclosure even in the event it had begun the process of seeking forfeiture in Petitioner's underlying criminal proceedings. *See* 18 U.S.C. § 983(a)(1)(A)(iii). Petitioner's argument to the contrary, namely that the Government had an obligation to pursue criminal forfeiture proceedings prior to or in lieu of civil administrative forfeiture proceedings, misconstrues the rules governing forfeiture of property seized incident to drug prosecution. Although 21 U.S.C. § 853 provided the Government an avenue of seeking forfeiture of such

---

[2] It appears that Petitioner does not object to the Magistrate Judge's finding that the Government's written notices were constitutionally sufficient (*see* Dkt. #15). Nevertheless, the Court has conducted a de novo review of the record and, in light of the facts recited *supra*, agrees with the Magistrate Judge's finding that these notices were constitutionally sufficient.

seized property—through the criminal proceeding itself—the Government could have sought (and here did seek) forfeiture through civil administrative (nonjudicial) proceedings vis-à-vis 21 U.S.C. § 881 and related provisions. *See Rubio v. United States*, No. C.A. C-05-355, 2006 WL 1292129, at *2-3 (S.D. Tex. May 8, 2006) (explaining the difference between criminal and civil forfeiture provisions and dismissing plaintiff's action for wrongful forfeiture where plaintiff argued for return of property on the basis that the "property was seized pursuant to a non-judicial forfeiture proceeding rather than a criminal forfeiture proceeding"); *cf. Rankin*, 556 F. App'x at 309. Accordingly, Petitioner's objection to the Magistrate Judge's finding that the Government could seek forfeiture of the funds seized from Petitioner's home, Petitioner's person, and Accounts x8231, x9419, and x3678 under the civil administrative forfeiture provisions of 21 U.S.C. § 881 and 19 U.S.C. § 1607 rather than under the criminal forfeiture provisions of 21 U.S.C. § 853 lacks merit. The Court, therefore, overrules this objection.

**CONCLUSION**

Having considered each of Petitioner's timely filed objections (Dkt. #15) and the Government's Response (Dkt. #16), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #12) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Petitioner's Motion Pursuant to Federal Rules of Criminal Procedure, Rule 41(g) Requesting Return of Property (Dkt. #1) be **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Petitioner is not entitled to the return of and has forfeited any right, title, and interest in the following: (1) $27,700 in United States currency seized at the time of Petitioner's arrest, (2) $2,691.56 in United States currency seized from account x8231, (3) $830.30 in United States currency seized from account x9419, or (4) $1,165.97 in United States currency seized from account x3678. Petitioner is entitled to the return of the 308 rifle, but only to an appropriate designee of his choosing and only upon filing a petition with the Court for such relief.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action

**IT IS SO ORDERED**.
**SIGNED this 29th day of September, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE